UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    –v–

RUSS GERSON,

                Defendant.

17 Cr. 708 (JPO)

## <u>DEFENDANT'S PROPOSED JURY CHARGE</u>

January 4, 2019

**REQUEST NO. 1**

**<u>General Requests</u>**

Mr. Gerson respectfully requests that the Court give its usual instructions to the jury on the following matters:

    a.  Function of Court and Jury.

    b.  Indictment is Not Evidence.

    c.  Presumption of Innocence and Burden of Proof.

    d.  Statements of Court and Counsel are Not Evidence.

    e.  Right to See Exhibits and Have Testimony Read During Deliberations.

    f.  Unanimous Verdict.

**REQUEST NO. 2**

As to the following general matters and to the extent the below instructions differ from the Court's usual instructions, Mr. Gerson requests that the Court instruct the jury as follows:

**<u>Duty of Jury (requested addition to preliminary instructions)</u>**

You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious or "implicit" biases are stereotypes, attitudes, or preferences that people may consciously reject but which may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.[1]

---

[1] This charge is based on a jury instruction drafted by the Western District of Washington's Bench-Bar-Academic Committee. Implicit bias instructions are appropriate given the growing body of research that supports the proposition that "awareness and mindfulness about one's own unconscious associations are important" and that "a decision-maker's ability to avoid these associations . . . will likely result in fairer decisions." *See* Jury Instruction on Unconscious Bias, available at http://www.wawd.uscourts.gov/sites/wawd/files/CriminalJuryInstructions-ImplicitBias.pdf.

**<u>Reasonable Doubt</u>**

I have said that the government must prove Mr. Gerson guilty beyond a reasonable doubt. The question naturally is: what is a reasonable doubt?

The words almost define themselves. It is doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence or lack of evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to Mr. Gerson.

If after fair and impartial consideration of all the evidence or lack of evidence, you are satisfied that the government carried its burden to prove guilt beyond a reasonable doubt, you should vote to convict. On the other hand, if after fair and impartial consideration of all the evidence or lack of evidence, you have a reasonable doubt, it is your duty to acquit Mr. Gerson.[2]

---

[2] Adapted from Sand, Instr. 4-2; *United States v. Charles Arroyo*, 12 Cr. 552 (JGK).

## **Circumstantial Evidence**

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty. One type of evidence is called direct evidence. Direct evidence is a witness's testimony as to what he or she personally saw, heard, or observed. In other words, when a witness testifies about what is known from the witness's own knowledge, by virtue of his or her own senses, what he or she sees or hears, that is called direct evidence.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact indirectly, by inference from another fact. For example, if a fact in dispute is whether it is raining at the moment, none of us in this room can testify directly to that without looking out a window. Assume, however, that we cannot see outside, and that as we are sitting here, a person walks in the courtroom wearing a raincoat that is dripping wet and carrying an umbrella dripping water. We may infer that it is raining outside. On the other hand, that inference might be incorrect because it may have stopped raining before the person entered this courtroom.[3] In other words, the fact of rain is an inference that *could* be drawn from the wet raincoat and dripping umbrella, but need not be. Each juror must be guided by his or her own common sense, experience and judgment, in determining what inference, if any, is justified or reasonable under the circumstances presented.

---

[3] Adapted from Charge in *United States v. Grayson*, 04 Cr. 1382 (RPP); *see also* Ninth Circuit Pattern Charge 1.5; First Circuit Pattern Charge 3.05.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**<u>Defendant's Election to Testify (if applicable)</u>**

As I instructed you earlier, the defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the government at all times, and Mr. Gerson is presumed innocent.

In this case, Mr. Gerson did testify and he was subject to cross-examination, like any other witness. The fact that he testified does not in any way remove or lessen the burden on the government to prove the charge beyond a reasonable doubt. Mr. Gerson did not have to testify and, in fact, did not have to present any evidence whatsoever.

You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as the defendant.

I also remind you that Mr. Gerson's decision to testify does not in any way shift the burden of proof to him. Do not ask yourself whether his testimony convinces you of his innocence. Rather, you must consider all the evidence or lack of evidence, and ask yourselves whether or not the prosecution has proven the charge beyond a reasonable doubt.[4]

---

[4] Adapted from Sand, Instr. 7-4; *see also* Charge in *United States v. Jose De La Cruz-Ramirez*, 97 Cr. 711 (RPP).

## **Defendant's Decision Not to Testify (if applicable)**

Mr. Gerson did not testify in this case. Under our Constitution he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove him guilty beyond a reasonable doubt.

As I stated earlier, this burden remains with the prosecution throughout the entire trial and never shifts to Mr. Gerson. He is never required to prove that he is innocent. The right of a defendant not to testify is an important part of our Constitution. As the Supreme Court of the United States has said,

> it is not everyone who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others . . . [may] confuse and embarrass [a defendant] to such a degree as to increase rather than remove any prejudice against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand.[5]

You may not attach any significance to Mr. Gerson's decision not to testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against Mr. Gerson in any way in your deliberations.[6]

---

[5] Adapted from Charge in *United States v. Flanagan*, 95 Cr. 105 (JSM) (quoting *Wilson v. United States*, 149 U.S. 60, 66 (1893)); *see also Carter v. Kentucky*, 450 U.S. 288, 300 n.15 (1981); *Griffin v. California*, 380 U.S. 609, 613 (1965).
[6] Adapted from Sand, Instr. 5-21.

## REQUEST NO. 3

### The Indictment and Charge

Mr. Gerson is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment in this case contains a single charge or count.

Count One of the Indictment charges the defendant, Russ Gerson, with wire fraud. Specifically, the Indictment charges that from at least in or about December 2014 up to and including at least in or about February 2015, in the Southern District of New York, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, Mr. Gerson made false representations and promises to Jame Donath, thereby causing Jame Donath to transmit money to Mr. Gerson by interstate wire.[7]

Mr. Gerson has denied that he is guilty of this charge.

---

[7] Adapted from Sand, Modern Federal Jury Instructions, Instrs. 3-1; 3-2; 19-1; 36-1; 44-1.

**Elements of Wire Fraud**

To prove wire fraud, the government must prove each of the following elements beyond a reasonable doubt.

First, that in or about the times alleged in the Indictment there was a scheme and artifice to defraud Jame Donath of money by means of materially false representations and promises;

Second, that the defendant knowingly and willfully participated in this scheme to defraud, with knowledge of its fraudulent, criminal nature and with the specific intent to defraud; and

Third, that in the execution of this scheme, the defendant used or caused the use of the interstate wires, as specified in the Indictment.[8]

---

[8] Authority: Sand, Instr.  44-3; *United States v. Binday*, 804 F.3d 558, 569 (2d Cir. 2015); *United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000).

**First Element – Scheme to Defraud**

The first element the government must prove beyond a reasonable doubt is that there was a scheme to defraud an individual, here Jame Donath, of his money by means of materially false representations and promises. To show this, the government must prove (i) the existence of a scheme to defraud, and (ii) that material misrepresentations were made in the course of this scheme.

A scheme to defraud is a plan, device, or course of action to obtain money by means of false representations or promises reasonably calculated to deceive persons of average prudence.

The government alleges here that a scheme to defraud was carried out by the making of false representations and promises. A statement or representation is false if it is untrue when made and known to be untrue by the person making it.

In connection with this element, the government must also prove that the charged false representations and promises were material. A material fact is one that would reasonably be expected to be of concern to a prudent person in relying upon the representation or statement in making a decision.

This materiality standard is demanding and not every deceit can give rise to wire fraud. To establish that a misrepresentation was material, the government must prove that the alleged misrepresentation had a tendency to influence, or was capable of influencing the decision-making body to which it was addressed. To judge this, you

should consider the effect of the alleged misrepresentation on the likely or actual

behavior of the recipient of the alleged misrepresentation.[9]

---

[9] Authority: Sand, Instr. 44-4; *Universal Health Services, Inc. v. United States*, 136 S. Ct. 1989, 2003 (2016); *United States v. Caltabiano*, 871 F.3d 210, 218 (2d Cir. 2017); *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017); *United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000); *United States v. Binday*, 804 F.3d 558, 568 (2d Cir. 2015); *Dural v. Albano*, 16 Civ. 7810 (KPF), 2017 WL 3053157, at *7 (S.D.N.Y. Jul. 18, 2017).

## Second Element – Specific Intent to Defraud

In order to prove this charge, the government must also prove beyond a reasonable doubt that the defendant knowingly and willfully participated in this scheme, and that at the time he made the charged representation and promises he acted with the specific and contemporaneous intent to defraud Jame Donath.

"Knowingly" means to act voluntarily and deliberately, rather than to act mistakenly or inadvertently.

"Willfully" means to act purposefully and with an intent to do something illegal – in other words, with a bad purpose to disobey or to disregard a criminal law.

In addition, to show fraudulent intent, the government must prove that the defendant intended some actual harm or injury to the alleged victim of his fraud.

Because an essential element of the crime charged is an intent to defraud, the defendant's good faith is a complete defense to the charge of wire fraud. Under the wire fraud statute, even false representations or statements do not amount to fraud unless done with fraudulent intent. An honest belief in the truth of representations or statements at the time the representations or statements were made is a complete defense, however inaccurate the statements may turn out to be. A defendant, however, has no burden to establish this defense of good faith. Instead, the burden is on the government to prove fraudulent intent and the lack of good faith beyond all reasonable doubt.

A word on timing as it relates to this intent element: the government must prove beyond a reasonable doubt that *at the time* the charged representations or promises

were made, Mr. Gerson intended to defraud Mr. Donath. Whether the government has met its burden on this element turns on *when* the representations were made and Mr. Gerson's intent *at that time*. If you find that the government has failed to satisfy its burden as to Mr. Gerson's intent at the time the charged representations were made, you must acquit.

Moreover, you are instructed that where, as here, the charged representations and promises are contained in a contract, evidence that provisions of that contract were breached is insufficient to satisfy the government's burden. In order to convict under the wire fraud statute, the law requires more than proof that a contractual promise was made and that subsequently it was not fulfilled. Instead, the government bears the burden of proving beyond a reasonable doubt that Mr. Gerson's had the specific intent to defraud *at the time the contract was executed*. Even the willful and intentional decision to breach a contractual promise after the contract is executed does not constitute fraud. Under this statute, a contractual promise can only support a fraud conviction upon proof beyond a reasonable doubt of fraudulent intent not to perform the promise at the time of contract execution. Absent such proof, a subsequent breach of that promise—even where willful and intentional—cannot support a conviction and you must acquit.[10]

---

[10] Authority: Sand, Inst. 44-5; *United States v. Binday*, 804 F.3d 558, 569 (2d Cir. 2015); *United States v. Novak*, 443 F.3d 150, 156 (2d Cir. 2006); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987); *United States v. Countrywide Home Loans, Inc.*, 822 F.3d 650, 656-662 (2d Cir. 2016).

**<u>Third Element – Use of the Wires</u>**

The third element the government must prove is the use of the interstate wires in furtherance of a scheme to defraud. The wire communication must pass between two or more states. The use of the wires need not itself be a fraudulent misrepresentation. It must, however, further or assist the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is charged with participating.[11]

---

[11] Authority: Sand, Instr. 44-7.

## **Theory of Defense**

(Mr. Gerson requests the opportunity to submit a theory of defense charge to the Court at the close of the evidence.)

## **Stipulations (if applicable)**

In this case you have heard evidence in the form of stipulations. A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony. You have also heard evidence in the form of stipulations that contain facts that were agreed to be true. In such cases, you must accept those facts as true.[12]

---

[12] Adapted Charge in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992); Sand, Instrs. 5-6, 5-7.

## Improper Considerations

Your verdict must be based solely upon the evidence developed at trial, or the lack of evidence, and the law as I instruct you. In reaching your decision as to whether the government has met its burden of proof, it would be improper for you to consider any personal feelings you may have about Mr. Gerson's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I have discussed.[13]

Similarly, you should not permit your deliberations or decision to be influenced by unconscious or implicit biases. As we discussed at the beginning of this trial, everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes—that is unconscious biases—that we may not be aware of. These hidden thoughts can impact our impressions of what we see and hear, how we remember what we see and hear, and how we make important decisions. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict based solely on the evidence or lack of evidence; your individual evaluations of that evidence and of the credibility of witnesses; your reason; your common sense; and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.[14]

---

[13] Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 2-11.

[14] The charge is based on a jury instruction drafted by the Honorable Mark W. Bennet in the Northern District of Iowa. *See* Exhibit A.

## **Number of Witnesses and Uncontradicted Testimony**

The fact that one party called more witnesses does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You must decide which witnesses to believe and determine which facts are true. To do this, you must look at all the evidence or lack of evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side. You should also keep in mind that the burden of proof is always on the government. The defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.[15]

---

[15] Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 4-3.

## **Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

In your determination of credibility, you must avoid bias, conscious or unconscious, based on the witness's socio-economic status, race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender.[16]

---

[16] Adapted from Model Ninth Circuit Criminal Instruction 1.7.

## <u>Law Enforcement & Government Witnesses</u>

You have heard testimony from witnesses employed as law enforcement officers and employees of the government. The fact that a witness may be employed by the government or a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of a law enforcement witness or government employee and to give that testimony whatever weight, if any, you think it deserves.[17]

---

[17] Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 7-16.