

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 26, 2019

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    ***United States v. Russ Gerson*,**
               **17 Cr. 708 (JPO)**

Dear Judge Oetken:

       The Government respectfully writes in the above-captioned matter in brief response to the defendant's September 25, 2019 request to travel internationally from September 29, 2019 through October 9, 2019. (Dkt. No. 134.) As the Government has previously explained, the Government opposes all pre-surrender international travel, on the ground that the defendant, who bears the burden to demonstrate—by clear and convincing evidence—that he is not a flight risk, cannot meet that burden, particularly in light of his recent unauthorized travel. (*See, e.g.*, Dkt. No. 123.)

       But even if there might be a circumstance in which the defendant could meet his burden, he has not done so here. The defendant's most recent travel request cannot be squared with either his prior travel request, which was denied, or the Government's understanding of the wedding—calling into serious question the defendant's candor. On September 24, the defendant's newly-retained counsel requested permission for the defendant to travel internationally from September 25 through October 9. (Dkt. Nos. 129, 132.) Of this period, the defendant represented that he was going to spend time in London for work from September 25 through September 28 and then again from October 5 through October 9, leaving September 28 through October 5 for his trip to the French Riviera for his fiancée's daughter's wedding. His new request, however, claims he must remain in the French Riviera through October 9. In short, multiple days for supposedly necessary business meetings in London appear to have been transformed into an equal number of days, in a different country, to attend a wedding.

Hon. J. Paul Oetken
September 26, 2019
Page 2

      In addition, the Government understands, from viewing the wedding materials themselves, that events begin on Thursday, October 3 and last until part of Sunday, October 6.  There is no legitimate reason why the defendant must arrive *five days* before the first wedding event and then remain for *approximately three more days* following the wedding.  To be sure, the defendant may prefer to spend an extra eight days in the South of France.  But he has been convicted of wire fraud, has not yet served his sentence, previously represented that he was indigent but now has retained counsel, and has offered shifting explanations for the same purportedly long-planned and necessary trip.  His request should be denied.

      Respectfully submitted,

      GEOFFREY S. BERMAN
      United States Attorney

By: s/ Daniel G. Nessim
     Mollie Bracewell
     Daniel G. Nessim
     Daniel C. Richenthal
     Assistant United States Attorneys
     (212) 637-2218/2486/2109