# The Law Office of David S. Hammer

747 Third Ave., 32nd Fl. ● New York, New York 10017 ● (212) 941-8118 ● (Cell) (646) 335-3986

January 29, 2021

Honorable J. Paul Oetken
United States District Court
United States Courthouse
40 Foley Square
New York, NY 10007

                Re: <u>United States v. Russ Gerson 17 Cr. 708 (JPO)</u>

Dear Judge Oetken:

      Russ Gerson ("Gerson") respectfully moves pursuant to 18 U.S.C. § 3583€ for an order modifying the conditions of his supervised release. The proposed modification would permit him to engage in domestic and international travel without prior notice to or approval by the Probation Department or the Court, with the caveat that, in the case of international travel, Gerson would be required to notify the Probation Department of his proposed itinerary and contact information at least 24 hours before leaving the United States. I have provided the United States Attorneys' Office and the Probation Department with advance copies of this letter-motion and have been authorized to state that neither agency opposes the proposed relief.

**Background**

      By way of background, on August 6, 2019, Your Honor sentenced Gerson to a term of two months' imprisonment, restitution in the amount of $44,391.96 and a three-year term of supervised release on his guilty plea to one count of wire fraud. The following day, a judgment was entered incorporating these terms, and notifying Gerson of the "Standard Conditions of Supervision"; the third such condition stated that "You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer."[1]

      Gerson completed his two-month prison term on January 10, 2020, and immediately began his three-year term of supervised release. He thus has completed one year under supervision. His behavior during this first year of supervision has been exemplary: although he entered an installment payment plan that only required payment of $200 per month towards restitution, a schedule that would have required approximately 18 years to make the victim whole, Gerson recently secured a loan from his father that enabled him to make full payment of the $44,391.96 obligation. The victim, in other words, has been made whole.

---

[1] Earlier in the case, Gerson had voluntarily consented to forfeiture in the amount of $44,391.96, the same amount as the Court's restitution order. (Pacer Document 94). A judgment in that amount was entered and satisfied. Thus, Gerson has in fact paid a total of approximately $89,000, twice the amount of the victim's loss.

The Probation Department has acknowledged Gerson's "positive adjustment and compliance with supervision" by transferring him to its Low Intensity Case Load. The Department has emphasized, however, that the "privilege" of being supervised on the "LIC" is "contingent" on his compliance with its governing rules, including the rules concerning domestic and international travel. These rules are quite stringent:

> All travel requests should be made in advance. For domestic travel, requests should be submitted at least **2 weeks in advance**. For international travel, requests should be submitted at least **6 weeks in advance**. All travel requests should be submitted by email to nysp_travel@nysp.uscourts.gov and include dates of travel, destination with an address, purpose of travel, mode of transportation, and with whom you are traveling. You must be up-to-date with all financial obligations for travel to be approved. Once an email is submitted, we will review your request for approval.

(Boldface in the original).

In this letter-motion, we ask the Court to terminate these restrictions which no longer serve any positive purpose. Until Gerson satisfied his restitution obligation, the Government may have had a legitimate interest in restricting his right to travel, to ensure that all such travel was potentially income producing, and thus useful in accumulating funds for restitution. Now that Gerson has made full restitution, however, that justification no longer applies. Additionally, restricting Gerson's ability to travel freely actually impedes his rehabilitation because it prevents him from reviving his career as a corporate development consultant; that career requires a great deal of travel, often on very short notice.

We remind the Court that Gerson sought permission to travel internationally on more than twenty occasions in the period between his arrest and incarceration. The Government opposed many of those requests on the ground that Gerson should be required to husband his funds for the purpose of paying restitution. As previously noted, restitution no longer is an issue. In recognition of this, the United States Attorney and the Probation Department are not opposed to this motion.

**The Court Has Authority to Grant the Relief Sought**

Under 18 U.S.C. 18 U.S.C. §3583(e), this Court has authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release", provided such modifications better serve the general goals of sentencing as set forth in 18 U.S.C. §3553(a). United States v. Lussier, 104 F.3d 32, 34 (2d Cir. 1996). This authority extends to the modification or outright termination of restrictions on a supervised person's right to travel. United States v. Ochakovsky, 2008 U.S. Dist. LEXIS 63002 **3-4 (SDNY).

**Conclusion**

      Given Mr. Gerson's very swift satisfaction of his restitution obligation, and his compliance with all other conditions of supervised release, the present restrictions imposed on his right to travel impede rather than advance the purposes of sentencing. We therefore ask the Court to modify the travel restrictions imposed on Russ Gerson by the Probation Department, so that the only relevant condition is that he inform the Probation Department of his proposed itinerary and contact information at least 24 hours before commencing international travel.

                              Very truly yours,

                              *David S. Hammer*

                              David S. Hammer
                              *Attorney for Russ Gerson*

cc:    AUSA Daniel Nessim
       AUSA Daniel Richenthal
       AUSA Mary Bracewell
       United States Attorney
         Southern District of New York

       Ms. Zondra Jackson
       United States Probation

> Granted.
> So ordered: 2/2/2021

_____
J. PAUL OETKEN
United States District Judge

3